### In re CABEL UPHOLSTERING CO.

### Petition of ANDREW DUTTON CO.

(District Court, D. Massachusetts. May 11, 1925.)

No. 32842.

Bankruptcy ⊙═◊482(1) — Services of attorney held not basis for claim against bankrupt's estate.

Under Bankruptcy Act, § 64(b), being Comp. St. § 9648, permitting payment of actual and necessary cost of preserving estate subsequent to filing of petition in bankruptcy, services of attorney, larger part of which were rendered prior to bankruptcy, and some of which, although rendered subsequent to bankruptcy, did not tend to preserve estate, did not constitute basis for claim against bankrupt's estate.

In Bankruptcy. In the matter of the Cabel Upholstering Company, bankrupt. On petition by the Andrew Dutton Company to review an order of the referee dismissing a petition of a creditor for attorney's compensation and expenses. Order dismissing petition affirmed, and petition for review dismissed.

Samuel J. Freedman, of Boston, Mass., for creditor.

J. J. Silverman, of Boston, Mass., for trustee.

BREWSTER, District Judge. This is a petition to review an order of the referee dismissing the petition of a creditor for attorney's compensation and expenses. Prior to the institution of bankruptcy proceedings the bankrupt solicited and obtained, in the management of its affairs, the assistance of the petitioner, Andrew Dutton Company, one of its larger creditors. No assignment to this creditor was ever made, but the treasurer, at the request of the bankrupt, took charge of the bankrupt's business, and, while in charge, incurred expenses for an auditor and for an attorney.

The involuntary petition in bankruptcy was filed February 28, 1924. An examination of the statement rendered by the attorney shows that all services, with the exception of two items, were rendered prior to bankruptcy. The statement rendered by the auditor does not show what part of the services were rendered prior to bankruptcy and what were rendered after, but the referee finds that for the most part the services were incurred prior to the filing of the petition, and that whatever services were rendered afterwards did not tend to preserve the estate.

The Bankruptcy Act, section 64 (b), being Comp. St. § 9648, permits the payment of the actual and necessary cost of preserving the estate subsequent, but not prior, to the filing of the petition. The facts appearing in this case do not bring petitioner's claim within the scope of this section.

The order of the referee in dismissing the petition is affirmed, and the petition will be dismissed.